■ DEVER S. MATTESON, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45384.) — HERLIHY, P. J. Appeal from a judgment of the Court of Claims awarding damages in an appropriation action. The claimant owned and operated a dairy farm consisting of approximately 130 acres of land prior to the appropriation. The property was situated on both sides of Route 8 and the State appropriated a portion of the premises to widen and reconstruct the road. The court awarded $7,789.72, which included damages for permanent and temporary easements; for improvements within the appropriated area; for consequential damages to the remainder; and for direct damages to the 5.718 acres appropriated. The appeal concerns only the direct damage to the highway frontage appropriated, the State contending that

the court erred in valuing these parcels at $.03 per square foot. The court found that the highest and best use of the property was for a dairy farm use. However, in assigning values to the land appropriated, the court said that the State's appraiser " disregarded entirely the 2,295 feet of road frontage taken in Parcels Nos. 6, 7 and 13, which were readily available as potential building sites* ". The court concluded that this frontage land was worth more than the values set by the State's appraiser, and it valued this land to a depth of 125 feet at $.03 per square foot. It awarded for the frontage land appropriated in fee the amount of $5,235.03, whereas the State's appraiser had valued the land taken at $270. The claimant's appraiser indicated that the road frontage could be utilized for residential building sites and the court's view of the property indicated that in his opinion this was true. The court explained why it did not accept the component values set in the State's appraisal. The reason was that the State's appraisal did not value the frontage as being available for potential building sites. The court, however, valued it as such, and the question is whether there is evidence in the record to support the value of $.03 per square foot. The appraiser for the claimant used a sale of other property in reaching his opinion as to the value. The appraiser testified that this sale involved a lot fronting on Route 8, containing 200 feet of frontage and 125 feet in depth and was located south of the subject property. At the time of the sale it was open crop field and it had been used as such. The $750 sale price for this lot containing 25,000 square feet indicates a value of $.03 per square foot for frontage land in this locality. The court adopted this value as to the present property. (Cf. *Stone* v. *State of New York*, 33 A D 2d 710.) Under the circumstances in this particular case there is a sufficient basis for affirmance. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, P. J.; Reynolds, J., concurs in the result.

---

* It is to be noted that the last page of the appraisal report prepared by the State's appraiser and submitted in evidence is entitled " NEIGHBORHOOD DATA ", and in describing the appropriations for widening and improvement of Route 8 states: " The area affected consist of farms, trailer homesite locations, a trailer park, residences, and in Mount Upton a high school, an elementary school, gas stations, taverns, stores and other commercial installations. For the most part the operation being a road widening and straightening job. The areas taken will consist of *road lot frontages*." (Emphasis added.)